151 N.J. Super. 377 (1977)
376 A.2d 1294
ALEXANDER BELLAFRONTE, PLAINTIFF,
v.
GENERAL MOTORS CORPORATION ET AL., DEFENDANTS-THIRD PARTY PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, THIRD PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 1977.
Decided May 16, 1977.
Rehearing Denied June 14, 1977.
*379 Before Judges FRITZ, ARD and PRESSLER.
Mr. Edward J. Fanning argued the cause for appellants (Messrs. Morley, Cramer, Tansey, Haggerty & Fanning, attorneys).
Mr. Richard D. Catenacci argued the cause for respondent (Messrs. McElroy, Connell, Foley & Geiser, attorneys).
The opinion of the court was delivered by PRESSLER, J.A.D.
The question raised by this controversy is whether, in the context of the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-23 et seq., the *380 term "use" as applied to a motor vehicle includes the loading and unloading of cargo carried by it.
The factual background giving rise to this legal question is simple and undisputed. Morrison Steel Company (Morrison) is a distributor of steel which it customarily delivers to its customers by truck. Plaintiff Alexander Bellafronte was a truck driver employed by Morrison. On the day of the accident which is the subject of the litigation Bellafronte made his first delivery of the morning to defendant General Motors Corporation (GMC). Upon his arrival GMC's employees began unloading their shipment, Bellafronte pointing out to the GMC crane operator which of the steel he was to unload. During the course of the unloading the crane's magnet attracted a steel beam still on the truck, which moved laterally, striking Bellafronte's leg. Bellafronte brought this personal injury action against GMC. GMC sought defense by Morrison's automobile liability carrier, New Jersey Manufacturers Insurance Company (NJM), which rejected the risk on the ground that it was not covered by its automobile policy. GMC accordingly impleaded it as a third-party defendant. Both moved for summary judgment on the coverage question. NJM's motion was granted and the third-party complaint dismissed. GMC then settled Bellafronte's claim and appealed from the dismissal of its claim against NJM.
The parties do not dispute the fact that the NJM policy covering Morrison's motor vehicles was issued pursuant to the Motor Vehicle Security Responsibility Law and that consequently the coverage thereby provided could not in any material way be more limited or restricted than the broad form omnibus coverage mandated by N.J.S.A. 39:6-46(a). Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 373 (1966). N.J.S.A. 39:6-46(a) specifically requires that the policy
Designate, by explicit description or appropriate reference, all motor vehicles with respect to which coverage is intended to be granted thereby, and insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured, against loss from *381 the liability imposed upon the insured or other person by law, for injury to or the death of a person, other than a person who is covered, as respects the injury or death, by any workmen's compensation law, or damage to property, except property of others in charge of the insured or the insured's employees, growing out of the maintenance, use or operation of the motor vehicle in the United States of America; * * * [Emphasis supplied]
The policy itself, however, excludes as an "other insured" a person loading or unloading the insured vehicle unless he is a lessee or borrower of the vehicle or an employee of the named insured or of a lessee or borrower. The specific policy provision reads as follows:
(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damages arising out of the loading or unloading thereof, such person shall be an insured only if he is: (1) a lessee or borrower of the automobile, or (2) an employee of the named insured or of such lessee or borrower;
Since it is unlikely that GMC's crane operator could be deemed to have been either a borrower or lessee of Morrison's truck or the employee of a borrower, lessee or a named insured, the question is whether he was, nevertheless, in the circumstances, a user thereof within the intendment of N.J.S.A. 39:6-46(a). If he was, the attempted exclusion from coverage is ineffective.
While the precise question has not yet been dealt with in this jurisdiction, in those jurisdictions in which the question has been raised in similar circumstances the term and the concept of "use" have been construed as including loading and unloading. See, e.g., International Business Machines v. Truck Ins. Exch., 2 Cal.3d 1026, 89 Cal. Rptr. 615, 474 P.2d 431 (Sup. Ct. 1970); Donohue Constr. Co. v. Transport Indemnity Co., 7 Cal. App.3d 291, 86 Cal. Rptr. 632 (D. Ct. App. 1970); Fidelity & C. Co. of N.Y. v. North Carolina F.B.M.I. Co., 16 N.C. App. 194, 192 S.E.2d 113 (Ct. *382 App. 1972), cert. den. 282 N.C. 425, 192 S.E.2d 840 (Sup. Ct. 1972); Kurdziel v. Pittsburgh Tube Co., 416 F.2d 882, 885 (6 Cir.1969); Cosmopolitan Mut. Ins. Co. v. Baltimore & Ohio R. Co., 18 A.D.2d 460, 240 N.Y.S.2d 88, 90 (App. Div. 1963); Employers Cas. Co. v. Hicks Rubber Co., 160 S.W.2d 96, 98-99 (Tex. Civ. App. 1942), rev'd on other grounds in Traders & General Ins. Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142 (Sup. Ct. 1943).
We are satisfied that the term "use" in N.J.S.A. 39:6-46(a) must be similarly construed. It is clear that the substantive content of statutorily required coverage must be broadly construed in order to effectuate the overriding legislative policy of assuring financial protection for the innocent victims of motor vehicle accidents. See Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 293 (1974). It also is clear that "use" in its broad sense was intended by N.J.S.A. 39:6-46(a). The statute refers to covered mishaps as those growing out of the "maintenance, use or operation" of a motor vehicle. "Use," therefore, is explicitly something other or more comprehensive than either maintenance or operation. As the significance of the semantics was analyzed by the Supreme Court in Indemnity Ins. Co., etc. v. Metropolitan Cas. Ins. Co. of N.Y., 33 N.J. 507 (1960),
The use of an automobile denotes its employment for some purpose of the user; the word "operation" denotes the manipulation of the car's controls in order to propel it as a vehicle. Use is thus broader than operation. * * * One who operates a car uses it, * * * but one can use a car without operating it. [at 513]
See also, Westchester Fire Ins. Co. v. Continental Ins. Co., 126 N.J. Super. 29 (App. Div. 1973), aff'd o.b. 65 N.J. 152 (1974); Gronquist v. Transit Cas. Co., 105 N.J. Super. 363, 369 (Law Div. 1969). In the broad sense of "employ," the use of a truck as a cargo carrier necessarily implies, as a matter of common understanding, its use in and as an integral part of the process of loading and unloading that cargo. Thus, one who is in the process of unloading cargo *383 from the vehicle is, for purposes of the omnibus coverage, a user of the vehicle. Here the accident manifestly arose out of that use since there was clearly "a substantial nexus between the injury and the use of the vehicle * * *." Westchester Fire Ins. Co. v. Continental Ins. Co., supra, 126 N.J. Super. at 38. Since, therefore, the statute mandated coverage for GMC's crane operator so using Morrison's truck, the crane operator must be deemed an "other insured" of NJM.
It further appears to us that despite NJM's argument to the contrary, its own exclusionary language here relied upon indicates its clear understanding that "use" includes loading and unloading. As a careful reading of that artfully constructed exclusionary clause reveals, it does not purport to define "use" as not including the activity of related loading and unloading, the contention here advanced. All that it does is to circumscribe the category of such covered "other users" based not on such potentially relevant considerations as the nature of the activity and the scope of permission but on considerations of legal status and relationship vis-a-vis the owner or other named insured. These considerations are totally unrelated to the underlying rationale and scope of the mandated omnibus coverage, and NJM's reliance upon them in formulating the exclusion constitutes an unwarranted attempt to diminish the extent of coverage required by the statute.
Based on the foregoing, we conclude that it was GMC rather than NJM which was entitled to summary judgment. We accordingly reverse the judgment below and remand for entry of judgment consistent with this opinion.

ON MOTION FOR REHEARING
The supplemental opinion of the court was delivered by PRESSLER, J.A.D.
Following our decision in this matter, third-party defendant, NJM filed a petition for rehearing pursuant to R. 2:11-6. The thrust of the petition is the argument, not theretofore raised, that despite a construction *384 of N.J.S.A. 39:6-46(a) which would include the unloading of a motor vehicle as use of the motor vehicle, NJM nevertheless was not obliged by the statute to provide coverage in the instant situation because the statute expressly exempts from coverage the claims of victims whose injuries are covered by the Workers' Compensation Act and plaintiff here was such a victim. That argument has facial merit, but our review of the record and the applicable statutory law satisfies us that our result was nevertheless correct.
As we noted initially, both parties briefed and argued this case under the assumption that the policy in question was issued pursuant to the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-23 et seq., of which N.J.S.A. 39: 6-46(a) is a part. Despite the fact that insurance pursuant to N.J.S.A. 39:6-46(a) is required only in those limited and specific situations enumerated by N.J.S.A. 39:6-31, we made no further inquiry as to the applicability of that law, relying on the representation of the parties. The challenge now made by NJM to its applicability to the accident in question requires us to examine further into the parties' original assumption as to the precise statutory provision with which the NJM policy issued to plaintiff's employer was required to comport.
Unassisted as we have been in this endeavor by counsel, we have nevertheless concluded that irrespective of whether or not on the date of the accident the policy in question was actually required pursuant to N.J.S.A. 39:6-46(a), there is no question that it was also required by N.J.S.A. 39: 6B-1, the compulsory Motor Vehicle Insurance Coverage Act, effective January 1, 1973. That provision provides in full as follows:
Every owner or registered owner of a motor vehicle registered or principally garaged in this State shall maintain motor vehicle liability insurance coverage, under provisions approved by the Commissioner of Insurance, insuring against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, *385 operation or use of a motor vehicle wherein such coverage shall be at least in: a. an amount or limit of $15,000.00, exclusive of interest and costs, on account of injury to, or death of, one person, in any one accident; and b. an amount or limit, subject to such limit for any one person so injured or killed, of $30,000.00, exclusive of interest and costs, on account of injury to or death of, more than one person, in any one accident; and c. an amount or limit of $5,000.00, exclusive of interest and costs, for damage to property in any one accident.
For the reasons we originally stated, insurance required by statute must be as comprehensive as the statutory mandate. Not only does N.J.S.A. 39:6B-1 not purport, as does N.J.S.A. 39:6-46(a), to exempt from coverage victims covered by the Workers' Compensation Act, but it affirmatively requires coverage for "any person" sustaining injury in a motor vehicle accident. Since the statute does not exempt the workers' compensation victim, the policy may not exempt him either, and indeed NJM's policy does not appear to have attempted to do so. Its claimed coverage exemption has always been based on the more fundamental question of the scope of the term "use." Finally, N.J.S.A. 39:6B-1 requires coverage for injuries arising out of "the ownership, maintenance, operation or use" of a motor vehicle, a phrase even broader than that used by N.J.S.A. 39:6-46(a), which does not enumerate ownership. Our reasons, therefore, for construing "use," as used by N.J.S.A. 39:6-46(a), to include loading and unloading apply with at least equal force to the term "use" in N.J.S.A. 39:6B-1.
We regard it as unfortunate that counsel did not bring the workers' compensation exemption to the attention of either the trial court or to us prior to our disposition of this appeal, and even more unfortunate that N.J.S.A. 39:6B-1 has continued to be overlooked by the parties. The potential for error in such oversights, as here demonstrated, subverts our common goal of achieving substantial justice. Because, however, the result we originally reached remains unaffected thereby, the petition for rehearing is denied.