266 N.J. Super. 386 (1993)
629 A.2d 1352
PARKWAY IRON & METAL CO. AND LEWIS WILLIAMS, PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 9, 1993.
Decided July 28, 1993.
*387 Before Judges KING, BRODY and THOMAS.
Robert G. Klinck argued the cause for appellants (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Mr. Klinck, on the brief).
George W. Connell argued the cause for respondent (Connell, Foley & Geiser, attorneys; Michael S. Olsan, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
This case involves a dispute between a motor vehicle liability insurance carrier and a comprehensive general liability carrier (CGL) over the efficacy of an exclusion in the vehicle policy. The exclusion seeks to eliminate coverage for certain loading and unloading operations. The exclusion says:
This insurance does not apply to:
8. Bodily injury or property damage resulting from the movement of property by a mechanical device (other than a hand truck) not attached to the covered auto.
New Jersey Manufacturers Insurance Company (NJM), the insurer of the vehicle, contends that the exclusion is valid under New Jersey law. The Law Division judge so ruled and granted summary judgment to NJM. Liberty Mutual, the CGL carrier, claims that the exclusion is invalid and against the declared public policy of this State. We resolve the dispute against NJM and find the exclusion invalid.
*388 On June 16, 1989 Paul Passenti was the operator of a truck owned by Bonland Industries, Inc. and insured by defendant, NJM. Plaintiff Lewis Williams was a crane operator employed by Parkway Iron and Metal Company (Parkway). On that date Passenti drove his truck to Parkway, the consignee of its cargo, where the truck was unloaded by a crane operated by Williams.
Passenti alleged in his complaint filed in the Law Division, that Williams was negligent during the course of unloading Bonland Industries' truck causing a dangerous condition resulting in Passenti's injury. Passenti claimed that he "was the operator of a truck vehicle which he brought to ... Parkway at 613 Route 46 East in the City of Clifton for the purpose of removing scrap metal from the aforesaid truck." Passenti claimed that:
At the time and place aforesaid, the defendant, PARKWAY IRON & METAL CO. was the owner of a crane vehicle which was operated by the defendant, LEWIS WILLIAMS, as agent, servant and/or employee of defendant, PARKWAY IRON & METAL CO., in a careless and negligent manner causing a dangerous and hazardous condition to exist on the truck vehicle which plaintiff was operating.
As a result of the alleged negligence of Williams, who was acting for Parkway, the claimant Passenti demanded damages for "severe and permanent injuries." Passenti seemed to claim that while Williams was unloading sheet metal from the truck with Parkway's crane, Williams loosened a metal bar on the truck which later caused the accident and Passenti's injuries. Parkway's crane was not attached to the truck.
Under Part IV(A) of the "Business Auto Policy" issued to Passenti's employer, Bonland Industries, NJM agreed to:
(1) pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident and resulting from the ownership, maintenance or use of a covered auto.
(2) [NJM has] the right and duty to defend any suit asking for these damages. However, we have no duty to defend suits for bodily injury or property damage not covered by this policy.
Part IV(D) of NJM's policy defined the class of users covered under the policy, providing:
Anyone else is an insured while using with your permission a covered auto you own, hire or borrow. .. .
*389 "Use" was not otherwise defined in the NJM policy. The words "loading and unloading" were not used or defined in the policy.
The exclusion at issue here is at Part IV(C)8 of NJM's policy, entitled "WE WILL NOT COVER-EXCLUSIONS," which provides:
Bodily injury or property damage resulting from the movement of property by a mechanical device (other than a hand truck) not attached to the covered auto.
NJM claims that this exclusion was adopted by the automobile insurance industry as a response to our 1977 opinion in Bellafronte v. General Motors Corp., 151 N.J. Super. 377, 376 A.2d 1294 (App.Div.), certif. denied, 75 N.J. 533, 384 A.2d 513 (1977), a decision in which Judge Pressler held that an automobile insurance carrier could not limit the class of users insured under the "loading and unloading clause." The carrier in Bellafronte had attempted to exclude "(1) a lessee or borrower of the automobile, or (2) an employee of the named insured or of such lessee or borrower" from coverage during loading and unloading operations. Id. 151 N.J. Super. at 381, 376 A.2d 1294. We held in Bellafronte that the language of this exclusion limiting a class of users as insureds under the "loading and unloading" aspect of the omnibus clause was void as against public policy because inconsistent with N.J.S.A. 39:6-46(a). That statute specifically required coverage for "any other person using or responsible for the use of any such vehicle" against liability "growing out of the maintenance, use or operation of the motor vehicle." Bellafronte, supra, at 380-81, 376 A.2d 1294. N.J.S.A. 39:6-46(a) has been replaced by the currently applicable N.J.S.A. 39:6B-1, which states:
Every owner or registered owner of a motor vehicle registered or principally garaged in this State shall maintain motor vehicle liability insurance coverage, under provisions approved by the Commissioner of Insurance, insuring against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of a motor vehicle.... [Emphasis added.]
While NJM's Exclusion 8 is structured expressly to eliminate coverage for a particular type of activity, the net effect is to deprive certain persons or entities of omnibus coverage in certain situations. In the case before us, the crane operator, Williams, *390 and his employer, the consignee of cargo, Parkway, are eliminated as permissive users and additional insureds because Parkway's crane was used in the unloading operation. We recognize that there may be underwriting merit to the insurance industry's effort to eliminate fortuitous coverage for certain owners of business premises and their employees while using their own equipment who are usually adequately covered under their CGL policies. But we must conclude that Exclusion 8 is invalid and against the public policy of this State.
NJM contends that Judge Pressler's holding in Bellafronte "implicitly demonstrates" that it is permissible to limit the activity covered and scope of permission without violating New Jersey's public policy as long as the class of users is not restricted. NJM claims that a vehicle policy can limit "the type of activity covered rather than restrict the Class of users."
We disagree with NJM's contention. Exclusion 8 attempts, in effect, to eliminate coverage for a class of users of the vehicle during the loading and unloading operation where the injury or damage results "from the movement of property by a mechanical device (other than a hand truck) not attached to the covered auto."
Judge Pressler's language in her opinion in Bellafronte, supra, 151 N.J. Super. at 383, 376 A.2d 1294, might suggest to some that certain activities by potential users could be circumscribed by valid exclusions to the "loading and unloading" aspect of the omnibus coverage. Whatever Bellafronte may imply in that regard, we conclude that the present Exclusion 8 is, in our court's words in that case, "an unwarranted attempt to diminish the extent of coverage required by the statute." Id. at 383, 376 A.2d 1294.
This conclusion is compelled in our view by our Supreme Court's decision in Ryder/P.I.E. Nationwide, Inc. v. Harbor Bay, 119 N.J. 402, 575 A.2d 416 (1990), a case involving the limits of liability available to a self-insurer and its additional insured for a "loading and unloading" accident. In Ryder/P.I.E. Nationwide, the Supreme Court stated, "Our analysis has two considerations. *391 We first examine an insurer's obligation to provide coverage to an additional insured in a loading and unloading accident in the context of a liability insurance policy." Id. at 404, 575 A.2d 416. In her initial analysis, Justice Garibaldi first recognized, "The obligation to provide coverage to an additional insured in a loading and unloading case can arise from the explicit language in a liability policy." Id. at 406-07, 575 A.2d 416. She then stated, "New Jersey courts also have recognized that the obligation to provide coverage in a `loading and unloading' accident arises from statute and therefore cannot be limited by contract." Id. at 407, 575 A.2d 416 (emphasis added), citing Bellafronte, supra, 151 N.J. Super. at 377, 376 A.2d 1294. Then Justice Garibaldi unequivocally expressed our Supreme Court's understanding of the legal duty of the automobile insurer in the loading and unloading context:

Bellafronte makes clear the broad scope of coverage that an insurer must provide for accidents arising during loading and unloading. Because of statutorily-imposed omnibus requirements, any contractual attempt to exclude coverage for an additional insured will be held invalid. Moreover, all parties subject to omnibus coverage requirements  both self-insurers and those with liability policies  must provide coverage. [119 N.J. at 408, 575 A.2d 416.]
With this strong expression from our Supreme Court, we cannot condone Exclusion 8 in NJM's policy which attempts to exclude coverage for Williams, the crane operator, and his employer, Parkway, the consignee of the cargo, for this claim against them allegedly arising out of the unloading of Bonland Industries truck with Parkway's crane. Exclusion 8 is invalid and against the public policy of this State as expressed in N.J.S.A. 39:6B-1 and Ryder/P.I.E. Nationwide. The exclusion refers to mechanical equipment but effectively serves to eliminate coverage for certain additional insureds during the unloading operation. Accord Truck Ins. Exchange v. Home Ins. Co., 841 P.2d 354, 358 (Colo.Ct.App. 1992), cert. denied, Dec. 1, 1992 (identical mechanical device exclusion held violative of Colorado's public policy).
Reversed.