**STAEFA CONTROL–SYSTEM INC., a California Corporation, Plaintiff,**

v.

**ST. PAUL FIRE & MARINE INS. CO., and St. Paul Mercury Ins. Co., Minnesota Corporations, Defendants.**

No. C–93–2224 MHP (ENE).

United States District Court,
N.D. California.

Dec. 28, 1994.

Robert P. Dahlquist, Latham & Watkins, San Diego, CA, Paul A. Dezurick, Suzanne E. Curtis, Graham & James, San Francisco, CA, for plaintiff.

Peter A. Smalbach, Adams Duque & Hazeltine, Cathy L. Croshaw, Luce Forward Hamilton & Scripps, San Francisco, CA, for defendants.

### ORDER AMENDING OPINION ON RECONSIDERATION

PATEL, District Judge.

By opinion filed March 18, 1994, this court granted plaintiff Staefa Control System Inc. ("Staefa") summary judgment that defendant St. Paul Fire & Marine Insurance/St. Paul Mercury Insurance Co. ("St. Paul") had a duty to defend plaintiff in an underlying action pending in this district, *Hudson v. Andrade*, No. C–91–1772 TEH (N.D.Cal., filed

June 10, 1991). *See Staefa Control–System, Inc. v. St. Paul Fire & Marine Ins. Co.*, 847 F.Supp. 1460 (N.D.Cal.1994). The court held that St. Paul had a duty to defend Staefa under all three insurance policies issued to plaintiff.

Per this court's standing order, St. Paul filed an application on June 24, 1994 for leave to file a motion for reconsideration. By order filed July 1, 1994, the court granted St. Paul's application and established a briefing schedule. The matter has taken under submission without further oral argument.

Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following order granting St. Paul's motion and amending the March 18, 1994 opinion.

### LEGAL STANDARD

While St. Paul noticed this motion under Federal Rule of Civil Procedure 54(b), the court construes it as a motion to reconsider under Rule 60(b). *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994) (a district court may reconsider a grant of summary judgment under either Federal Rule of Civil Procedure 59(e) or 60(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

### DISCUSSION [1]

St. Paul premises its motion to reconsider solely on the ground that the court committed clear error in its March 18, 1994 opinion by holding that St. Paul has a duty to defend Staefa under the third policy issued to Staefa ("Policy # 3"). In response, Staefa contends that (1) St. Paul's motion is untimely, and (2) this court's previous order was not in error.[2]

---

1. It is unnecessary to recount the extensive facts underlying this action, as they are set out in great detail in the March opinion.

2. Staefa also argues that the pollution exclusion in Policy # 3 never became part of that Policy. However, this argument is disingenuous. Staefa

stipulated to the fact that the pollution exclusion was part of Policy # 3 in the Joint Statement of Undisputed Facts submitted by the parties on summary judgment, and cannot now disavow that stipulation solely out of expediency.

Under Rule 60(b), a motion to reconsider must be made in a timely fashion, and in any event not longer than a year after entry of judgment. *See Atwood v. Pac. Maritime Ass'n,* 657 F.2d 1055 (9th Cir.1981). In determining whether such a motion is timely, the court must look to the particular facts of the case and consider such factors as the interest in finality, the reason for the delay, the ability of the moving party to have brought the motion earlier, and the prejudice to the parties. *Id.*

While it is true that St. Paul filed its motion three months after entry of this court's opinion on summary judgment, this is not an unduly long delay, and passage of time alone is not dispositive. Balancing issues of finality and the potential prejudice to the parties, the court finds that St. Paul's motion was filed in a reasonably timely fashion. St. Paul is currently defending Staefa in the underlying action under all three insurance policies, pursuant to this court's March 18, 1994 opinion. Should the court hear St. Paul's motion and grant it, St. Paul will be relieved of its duty to defend Staefa under only Policy # 3—Staefa will continue to enjoy the benefits of defense in the underlying action under the remaining two policies, and therefore will incur little if any prejudice from the court's hearing this motion. By contrast, should the court refuse to hear St. Paul's motion solely on timeliness grounds without reaching its merits, St. Paul will be required to defend and perhaps ultimately indemnify Staefa under a policy which excludes such coverage. Such a result would be manifestly unjust and serve no useful purpose. For similar reasons, there is little interest in "finality" to support Staefa's position. This is not a case where granting a motion to reconsider drastically alters the parties' positions vis a vis one another as established by the previous order—St. Paul will continue to defend Staefa in the underlying action pursuant to the remaining policies regardless of the result of this motion.

Balancing all of these factors, and in recognition of the strength of the merits of St. Paul's motion, the court finds that St. Paul's motion was filed in a reasonably timely fashion and therefore is timely.

### B. *The Merits*

In its the motion for summary judgment, Staefa contended that the pollution exclusion in Policy # 3 does not explicitly preclude pollution-related liabilities based upon personal injury, such as the nuisance and trespass claims alleged in the underlying action. These claims, Staefa contended, do not involve interference with the right to *possess* property, only the right to *use* property, and as such are not clearly barred by the pollution exclusion in Policy # 3. The court agreed, finding that:

> The term "property damage" [as used in Policy # 3] is fairly broad, and capable of conflicting interpretations. While the exclusion could be read as St. Paul argues to preclude coverage for allegations of *any* damage to property or its use, it is equally plausible to read the exclusion to preclude coverage only for property damage claims that directly affect the right to possess the property, as opposed to claims such as the instant ones for trespass and nuisance, which also implicate the right to use and enjoy the property. Because exclusions in insurance policies must be read narrowly and, where ambiguous, in favor of coverage for the insured, the court finds that the absolute pollution exclusion does not bar coverage for Staefa under Policy # 3 for the trespass and nuisance claims in *Hudson.*

St. Paul argues that this conclusion was in clear error given the definition of "property damage" in Policy # 3, which the court neglected to discuss.

Property damage is defined in Policy # 3 as "... any damage to tangible property of others that happens while this agreement is in effect. *This includes loss of use of the damaged property* resulting from the damage...." Policy # 3 at 65 (emphasis supplied). Given this explicit language, it is clear that Policy # 3 precludes coverage for "loss of use" claims such as trespass and nuisance. This court based its conclusion on this point solely on the fact that the term "property damage" is inherently ambiguous

and therefore must be construed against the insurer. As can plainly be seen from the definition of "property damage" in Policy # 3, such is not the case in the instant policy. Rather, the explicit inclusion of "loss of use" language in the definition of property damage makes it clear that trespass and nuisance claims specifically are excluded from coverage.

Therefore, as the court committed plain error in finding that St. Paul had a duty to defend Staefa under Policy # 3, the motion to reconsider must be granted, and this court's March 18, 1994 opinion must be amended accordingly.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) St. Paul's motion to reconsider is GRANTED. St. Paul is entitled to summary judgment that it has no duty to defend Staefa in the underlying action under Policy # 3;

(2) To the extent that this order conflicts with this court's March 18, 1994 opinion, that opinion is AMENDED.

IT IS SO ORDERED.