293 N.J. Super. 12 (1996)
679 A.2d 674
UNITED STATES BRONZE POWDERS, INCORPORATED, PLAINTIFF-APPELLANT/CROSS-RESPONDENT,
v.
COMMERCE AND INDUSTRY INSURANCE COMPANY, LUMBERMENS MUTUAL CASUALTY COMPANY, FIRST STATE INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, FEDERAL INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, AND PURITAN INSURANCE COMPANY, DEFENDANTS-RESPONDENTS/CROSS-APPELLANTS, AND PROVIDENCE WASHINGTON INSURANCE COMPANY, DEFENDANT-RESPONDENT, AND AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, INTEGRITY INSURANCE COMPANY AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1996.
Decided July 18, 1996.
*13 Before Judges KING, LANDAU and KLEINER.
Stephen M. Offen argued the cause for appellant (Schachter, Trombadore, Offen, Stanton & Pavics, attorneys; Mr. Offen, on the brief).
Karol Corbin Walker argued the cause for respondent/cross-appellant Commerce and Industry Insurance Company (St. John & Wayne, attorneys; Marian S. Hertz, on the joint brief).
Sellar, Richardson, Stuart & Chisholm, and Michael Morrison (Tressler, Soderstrom, Maloney & Priess) of the Illinois bar, admitted pro hac vice, attorneys for respondent/cross-appellant Lumbermens Mutual Casualty Company (Wendy H. Smith, on the joint brief).
John Bowens argued the cause for respondents/cross-appellants Hartford Accident and Indemnity Company and First State Insurance *14 Company (Purcell, Ries, Shannon, Mulcahy & O'Neill, attorneys; Mr. Bowens and Donna M. Stephan, on the joint brief).
Suarez & Suarez, attorneys for respondent/cross-appellant Federal Insurance Company (Joseph M. Suarez & Jacqueline F. Cummings, on the joint brief).
Joseph R. McDonough argued the cause for respondent/cross-appellant Insurance Company of North America (Ribis, Graham, & Curtin, attorneys; Paul R. Koepff and Gregory Roer, on the joint brief).
Gebhardt & Kiefer, and Huhnsik Chung (Luce, Forward, Hamilton & Scripps) of the New York bar, admitted pro hac vice, attorneys for respondent/cross-appellant Westport Insurance Corp. (formerly Puritan Insurance Company) (Kimball Ann Lane, on the joint brief).
Clemente, Dickson & Mueller, attorneys for respondent Providence Washington Insurance Company (William F. Mueller, of counsel, and Mr. Mueller and Christina A. Luancing, on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
We consider here the appeals by plaintiff United States Bronze Powders, Inc. (U.S. Bronze) from three separate groups of orders affording summary judgments favorable to defendant insurers,[1] and resulting in dismissal of its declaratory judgment complaint. U.S. Bronze instituted the declaratory action seeking to establish coverage under a number of general liability policies for cleanup costs, future remediation and containment expenses it will incur resulting from soil pollution, including soil of neighboring property, *15 caused primarily by copper sulphates used in its manufacturing processes. The pollutants may be deemed to have migrated by spills, leakage, airborne contamination, and contaminated stormwater runoff.
The first summary judgments were granted under policies containing the so-called "absolute pollution exclusion." Providence Washington Insurance Company (Providence) moved for summary judgment, and Commerce and Industry Insurance Company (C & I) for partial summary judgment under two of its six policies with U.S. Bronze that contained the absolute pollution exclusion. Judge Bernhard's opinion respecting those motions is reported as United States Bronze Powders, Inc. v. Commerce & Industry Insurance Co., 259 N.J. Super. 109, 611 A.2d 667 (Law Div. 1992).
A second series of partial summary judgment motions was initiated seeking judgment that plaintiff was not covered for current and future costs, including fines, associated with treatment and disposal of contaminated stormwater runoff. On May 20, 1993, Judge Herr entered an order on those motions, granting partial summary judgment to C & I, and to defendants Lumbermens Mutual Casualty Company (Lumbermens), Federal Insurance Company (Federal), Hartford Accident and Indemnity Company (Hartford), Puritan Insurance Company (Puritan), and First State Insurance Company (First State).
C & I later moved for summary judgment on the remaining U.S. Bronze claims, arguing that they were barred by the standard pollution exclusion clause in its policies; that there was no "occurrence" covered by the policies; and that U.S. Bronze's knowledge of a risk or loss in progress barred coverage. Hartford, First State, Puritan (by its successor, Westport Insurance Company), and Insurance Company of North America (INA) similarly moved, as did Lumbermens. The latter insurer also contended that its policies were not triggered because no property damage was suffered by the neighboring landowner until the Lumbermens policies had expired.
*16 On July 7, 1994, Judge Herr heard oral argument on the third set of motions, upholding application and efficacy of the standard pollution exclusion clauses in defendants' policies because U.S. Bronze was aware that copper emissions were a pollutant, yet intentionally discharged them into the atmosphere.
The judge also denied portions of those motions concerning existence of a covered "occurrence." She ruled that there were material areas of dispute regarding U.S. Bronze's ability and attempts to reduce emissions, the nature of the emissions that were the subject of Department of Environmental Protection concern, toxicity levels on neighboring property, and other factual issues going to the applicability of the "known loss" doctrine (considered in Astro Pak Corp. v. Fireman's Fund Ins. Co., 284 N.J. Super. 491, 665 A.2d 1113 (App.Div.), certif. denied, 143 N.J. 323, 670 A.2d 1065 (1995)).
Defendants C & I, Lumbermens, First State, Hartford, Federal, INA and Puritan cross-appealed from the latter rulings. The cross-appeals need not be addressed. First, were we to reverse the grants of summary judgment in favor of the insurers, any other determinations would be rendered interlocutory. More importantly, the cross-appeals are mooted by our view that the U.S. Bronze complaint was properly dismissed following grant of summary judgments to the several insurers, substantially for the reasons set forth in U.S. Bronze, supra, and in the oral opinions of Judge Herr dated May 14, 1993 and July 7, 1994.
We add, as to the opinion by Judge Bernhard based upon the absolute pollution exclusion, that In re Hub Recycling, Inc., 106 B.R. 372 (D.N.J. 1989), cited by U.S. Bronze, is clearly distinguishable because here, unlike in Hub, there are no confusing examples of pollutants in the policies that might render the pollution clauses ambiguous. All contaminants or pollutants are unambiguously excluded in the C & I and Providence policies that were the subject of the first motions.
*17 Respecting U.S. Bronze's contention (applicable only to C & I) that the neighboring property owner's allegations of nuisance and negligence fall within the C & I coverage for "personal injury," we recognize that the argument was not considered below. It was apparently engendered by a Law Division opinion, Harvard Industries, Inc. v. Aetna Casualty & Surety Co., 273 N.J. Super. 467, 642 A.2d 438 (Law Div. 1993).
In Harvard, the policy excluded coverage for "bodily injury" and "property damage" caused by pollutants, but specifically included coverage for "personal injury," which had been defined to embrace, inter alia, "wrongful entry or eviction, or other invasion of the right of private occupancy." Id. at 475-76, 642 A.2d 438. It was there held that permitting environmental contamination to migrate to the property of another was both a trespass and a nuisance, as well as an entry or other invasion of private occupancy. Id. at 478-79, 642 A.2d 438.
The C & I policy similarly includes "wrongful entry or eviction or other invasion of the right of private occupancy" within the definition of "personal injury." However, we are not bound by, nor do we agree with, the holding in Harvard or its rationale. While the view set forth in Harvard is not without some support, we are persuaded by the reasoning of the majority of courts, exemplified by Harrow Products, Inc. v. Liberty Mutual Insurance Co., 64 F.3d 1015 (6th Cir.1995), which have declined to render meaningless the unambiguously stated specific pollution exclusion language in liability policies by distorting the scope of personal injury coverage to a point beyond the reasonable expectations of a sophisticated insured. Accord Northbrook Indem. Ins. Co. v. Water Dist. Management Co., 892 F. Supp. 170, 175-76 (S.D.Tex. 1995); East Quincy Servs. Dist. v. Continental Ins. Co., 864 F. Supp. 976, 980-82 (E.D.Cal. 1994); Staefa Control-System Inc. v. St. Paul Fire & Marine Ins. Co., 847 F. Supp. 1460, 1473-74 (N.D.Cal.), opinion amended by 875 F. Supp. 656 (N.D.Cal. 1994); Union Oil Co. v. International Ins. Co., 37 Cal. App.4th 930, 44 Cal. Rptr.2d 4, 7-10 (1995); Legarra v. Federated Mut. Ins. *18 Co., 35 Cal. App.4th 1472, 42 Cal. Rptr.2d 101, 108-09 (1995); Titan Corp. v. Aetna Casualty & Surety Co., 22 Cal. App.4th 457, 27 Cal. Rptr.2d 476, 486-87 (1994); County of Columbia v. Continental Ins. Co., 83 N.Y.2d 618, 612 N.Y.S.2d 345, 634 N.E.2d 946, 948-50 (1994); O'Brien Energy Sys., Inc. v. American Employers' Ins. Co., 427 Pa.Super. 456, 629 A.2d 957, 964 (1993), appeal denied, 537 Pa. 633, 642 A.2d 487 (1994). But see Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co., 976 F.2d 1037 (7th Cir.1992); Titan Holdings Syndicate v. City of Keene, 898 F.2d 265 (1st Cir.1990).
Lastly, as to the third and final series of motions, resolved on July 7, 1994, our review of the record confirms Judge Herr's statement, "It is incontrovertible that U.S.B. intentionally discharged a known pollutant." That efforts were made to reduce the extent of the discharges does not alter the validity of the court's observation. Thus, Morton International, Inc. v. General Accident Insurance Co. of America, 134 N.J. 1, 78, 629 A.2d 831 (1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2764, 129 L.Ed.2d 878 (1994), is apt, as the court held, and summary judgment was properly afforded. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 539-40, 666 A.2d 146 (1995).
It is unnecessary to consider the respondents' arguments on cross-appeal.
Affirmed.
NOTES
[1] The counts against defendants Integrity Insurance Company and American Mutual Liability Insurance Company were dismissed by reason of liquidation and insolvency, respectively. Additionally, U.S. Bronze entered into a stipulation of dismissal without prejudice with American Empire Surplus Lines Insurance Company.