■ CHRISTINA MANNING, an Infant, by THERESA MANNING, Her Mother and Guardian, Appellant, v RALPH L. BROWN et al., Respondents. [649 NYS2d 202] —Yesawich Jr., J. Appeal from

an order of the Supreme Court (Viscardi, J.), entered January 4, 1996 in Essex County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff and defendant Karla M. Amidon, high school friends, were involved in a one-car accident while in a car owned by defendants Ralph L. Brown and Julie E. Brown, referred to by Amidon as her grandparents. Amidon, who was driving at the time of the accident, and plaintiff, both unlicensed drivers, took turns operating the vehicle which Amidon found parked and unoccupied at a local community college. Injured in the accident, plaintiff, through her mother, commenced this negligence action.

After issue was joined, the Browns moved for summary judgment dismissing the complaint, contending that Amidon took the vehicle in question without their knowledge or consent after she found the ignition keys under loose papers in the car's console. Plaintiff opposed the Browns' motion and cross-moved for, *inter alia*, an order compelling further discovery, including psychological evaluations of all defendants. Amidon also cross-moved for summary judgment dismissing the complaint and sought an order of protection—as did the Browns, by separate motion—precluding psychological evaluations. Supreme Court granted the Browns' motion and Amidon's cross motion for summary judgment and, in light of those findings, concluded that all other relief sought was moot. Plaintiff appeals. We affirm Supreme Court's determination in all respects.

The proof underlying the Browns' motion for summary judgment categorically negates the presumption that their car was driven by Amidon with their consent (*see*, Vehicle and Traffic Law § 388 [1]). Amidon testified that she was not given permission to drive the car—indeed she pleaded guilty to its theft—and Ralph Brown, in his deposition testimony and affidavit, attested that he never allowed Amidon to operate any of his cars. Furthermore, plaintiff, as evidenced in her deposition testimony, knew that the car was stolen, but continued riding in it, both as a driver and as a passenger. Moreover, Amidon testified that although she found the ignition keys in the car, they were located in the console covered by loose papers, such that they were hidden from sight (*see*, Vehicle and Traffic Law § 1210 [a]; *Banellis v Yackel*, 49 NY2d 882, 884).

In addition to rebutting the presumption that Amidon drove the car with the Browns' consent (*see*, *Leonard v Karlewicz*, 215 AD2d 973, 974-975; *Koenig v Price*, 200 AD2d 559, 560), the foregoing facts also sufficiently establish a lack of liability pursuant to Vehicle and Traffic Law § 1210 (a), thereby shifting to

plaintiff the burden of producing proof of triable factual issues precluding summary judgment (*see, DeCosmo v Hulse*, 204 AD2d 953, 955). By seeking additional discovery, plaintiff exhortatively raises the hope that other evidence may be uncovered, but that is not enough to defeat the Browns' motion (*see, Mazzaferro v Barterama Corp.*, 218 AD2d 643, 644). As for the affidavits submitted in opposition, while they conjecture as to the Browns' and Amidon's credibility, they create no factual dispute as to whether use of the car was permissive or to the concealed nature of the keys (*see, e.g., Leonard v Karlewicz, supra*, at 975).

Supreme Court also aptly granted Amidon's cross motion for summary judgment, for plaintiff was a participant in a criminal act, to wit, riding in a car without the consent of the owner (*see*, Penal Law § 165.05 [1]), and hence is prohibited from maintaining this action (*see, Barker v Kallash*, 63 NY2d 19, 24; *Phifer v State of New York*, 204 AD2d 612, 613). Furthermore, the conflict of interest charge leveled by plaintiff and predicated as it is on the fact that the Browns' insurance carrier provides representation to both the Browns and Amidon is meritless, for plaintiff lacks standing to assert such a claim on Amidon's behalf (*see, Matter of Town & Country Constr. Co.*, 160 AD2d 1085, 1086; *Rowley v Waterfront Airways*, 113 AD2d 926, 927).

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.