710 A.2d 1050 (1998)
311 N.J. Super. 618
Marie K. RYAN and Thomas R. Ryan, Co-Administrators and Administrators Ad Prosequendum of the Estate of Daniel J. Ryan, Deceased, Plaintiffs-Appellants,
v.
LCS, INC., t/a D'Jais and Donald Davison, Defendants, and
TIG Insurance Company, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1998.
Decided May 21, 1998.
*1051 Kenneth L. Thomson, Freehold, for plaintiffs-appellants (Schottland, Manning, Rosen, Caliendo & Munson, attorneys; Michael D. Schottland, of counsel; Mr. Thomson, on the brief).
Jay Lavroff, Westfield, for defendant-respondent (Lindabury, McCormick & Estabrook, attorneys; Mr. Lavroff, on the brief).
Before Judges LONG, STERN and KIMMELMAN.
The opinion of the court was delivered by KIMMELMAN, J.A.D.
Plaintiffs Marie K. Ryan and Thomas R. Ryan appeal from a summary judgment in favor of defendant TIG Insurance Company (TIG) dismissing their complaint. We affirm.
The essential facts are undisputed. On August 31, 1991, defendant Donald Davison, Jr. (Davison), after taking barbiturates and then drinking alcoholic beverages at defendant D'Jais Bar, left the bar and came upon a car, which he proceeded to "hot wire" and then steal. He operated the stolen car at a high rate of speed down 11th Avenue in Belmar, disregarded a stop sign, and broadsided a car in which plaintiffs' son was a passenger. The son and the driver of the car were killed as a result of the collision. Davison subsequently pled guilty to the crimes of aggravated manslaughter and theft and, on January 22, 1993, was imprisoned for a term of twenty years.
After settling their complaint against Davison and D'Jais Bar, plaintiffs learned that Davison's father, a resident of Staten Island, New York, maintained a policy of automobile liability insurance issued by TIG. Plaintiffs contended that Davison was an insured individual under his father's policy, because Davison had claimed that he resided with his father at the time of the accident. Plaintiffs were granted leave to file an amended complaint joining TIG as a defendant.
On appeal, plaintiffs describe the issue for decision as follows: "[T]his case hinges on whether an insured individual is afforded liability coverage in negligently operating a stolen motor vehicle thereby causing an accident which took the lives of two innocent victims."
Plaintiffs further contend that, although the TIG policy was written in New York to cover a New York resident, it must be interpreted pursuant to relevant New Jersey case law, and on that basis should be held to be against the public policy of New Jersey.
The pertinent language of the TIG policy provides:

PART A - LIABILITY COVERAGE
....
A. We do not provide Liability Coverage for any person:
....
8. Using a vehicle without a reasonable belief that that person is entitled to do so.

[(Emphasis added).]
While TIG is authorized to do business in this State, but wrote and issued the policy in question in New York, we need not struggle with the choice-of-law issue. For purposes of this opinion, we assume the primacy of New Jersey law and public policy as urged by plaintiffs. See Canal Ins. Co. v. F.W. Clukey Truck. Co., 295 N.J.Super. 131, 140-41, 684 A.2d 953 (App.Div.1996); see also Fu v. Fu, 309 N.J.Super. 435, 441-42, 707 A.2d 473 (App.Div.1998). We choose to follow Campbell v. New Jersey Auto. Full Ins. Underwriting Ass'n, 270 N.J.Super. 379, 637 A.2d 226 (App.Div.1994).
*1052 In Campbell, plaintiff, a Pennsylvania resident, was injured while bicycling in Philadelphia when he was struck by a vehicle driven by one Johnson. Johnson had stolen the vehicle in Pennsylvania from the owner, a New Jersey resident insured by the New Jersey Automobile Full Insurance Association (JUA). In language identical to TIG's policy, the JUA policy provided:
A. We do not provide Liability Coverage for any person:

* * * * * * * *
8. Using a vehicle without a reasonable belief that that person is entitled to do so.

[Id. at 381, 637 A.2d 226.]
The JUA argued on a summary judgment motion that it was not required to provide liability coverage, because the covered automobile had been stolen. After concluding that New Jersey had the most significant relationship to the facts, because the insurance policy was issued in New Jersey to a New Jersey resident and covered a car registered in New Jersey, this court held that the exclusionary provision contained in the policy relieved the JUA from liability. Id. at 386, 637 A.2d 226. We said:
Here, the JUA insurance policy, under the plain and unambiguous exclusionary provision contained in paragraph eight, does not afford Campbell liability insurance coverage because Johnson obviously did not have permission, either express or implied, to operate the insured vehicle on the day of the accident and, moreover, in the language of the exclusionary clause, used the "vehicle without a reasonable belief that [he was] entitled to do so."

[Id. at 389-90, 637 A.2d 226.]
Also pertinent is our prior decision in St. Paul Ins. Co. v. Rutgers Cas. Ins. Co., 232 N.J.Super. 582, 586, 557 A.2d 1052 (App.Div. 1989), where an exclusionary clause substantially identical to the TIG clause in issue was found to be "plain and unambiguous and ... not in contravention of any statute or regulation." In St. Paul, the insured's son was involved in an accident while using her vehicle without her permission. Even though the son was a named insured under the mother's policy, coverage for the accident was denied, because he came under the exclusionary language of "any person" using the vehicle without permission. Ibid.
We note that, while both Campbell and St. Paul involved an insured vehicle which was stolen or used without the permission of the owner-insured, plaintiffs urge a distinction because Davison, as a member of his father's household, was a named insured and carried the coverage with him no matter what vehicle he drove. The distinction is without substance. The exclusionary clauses of the policies in Campbell, St. Paul, and this case applied or apply to "any person" who is using "a vehicle" without permission. "Any person" means any person, whether he/she is an insured or not. Cf. Bellafronte v. General Motors Corp., 151 N.J.Super. 377, 385, 376 A.2d 1294 (App.Div.1977) (reading the phrase "any person" literally as it appears in the Workers' Compensation Law). "A vehicle" means any vehicle being used without permission, whether or not the vehicle is an insured vehicle under a policy also covering the driver as a member of the insured's household. See U.S. Bronze Powders, Inc. v. Commerce & Ind. Ins. Co., 259 N.J.Super. 109, 116, 611 A.2d 667 (Law Div.1992) ("[t]he court should not torture the language of the policy to create ambiguity."), aff'd, 293 N.J.Super. 12, 679 A.2d 674 (App.Div.1996). Here, under the policy's unambiguous wording, Davison, while considered to be an insured, clearly comes under the definition of "any person." Read literally, the wording expressly states that the policy does not apply to anyone, including an insured or family member, so long as such person was driving a vehicle without permission. Such was the explicit holding of this court in St. Paul, supra, 232 N.J.Super. at 586, 557 A.2d 1052.
Accordingly, we conclude that the TIG policy, although written and issued in New York to a New York resident, conforms with the public policy of this State with respect to the operative exclusionary clause. See Maimone v. Liberty Mut. Ins. Co., 302 N.J.Super. 299, 305, 695 A.2d 341 (App.Div.1997) (holding that an exclusionary clause will be given effect if it is unambiguous and not against public policy).
*1053 Finally, plaintiffs urge that there exists a material fact issue which should have precluded the entry of summary judgment. They contend that a fact issue exists as to whether Davison reasonably believed that he was entitled to drive the vehicle in question. We disagree. It is beyond dispute that, while Davison was intoxicated and under the influence of drugs, he still had enough savvy to "hot wire" and steal someone else's car. In fact, his state of mind was sufficient to justify his guilty plea on two counts of theft. Cf. Manning v. Brown, 232 A.D.2d 849, 649 N.Y.S.2d 202, 204 (1996) (holding that New York statutory presumption that car was permissively loaned to driver was "categorically negat[ed]" by theft conviction), order aff'd, 91 N.Y.2d 116, 667 N.Y.S.2d 336, 689 N.E.2d 1382 (1997). By virtue of his guilty plea to the theft indictment, no rational fact-finder could conclude that Davison reasonably believed he had permission to do what he did. The entry of summary judgment was justified. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536, 540, 666 A.2d 146 (1995); U.S. Bronze Powders, supra, 259 N.J.Super. at 116, 611 A.2d 667.
Affirmed.